UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO MOSES #231885
WILLIAM JOHNSON #235820
LAMONT HEARD #252329,

          Plaintiffs,                           Hon. Paul L. Maloney

v.                                       Case No. 1:16-cv-248

THOMAS FINCO, et al.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 43). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part**.

## BACKGROUND

This action was initiated by ten (10) prisoners against the following Michigan Department of Corrections (MDOC) employees: (1) Thomas Finco, MDOC Deputy Director; (2) David Leach, Special Activities Coordinator; and (3) Michael Martin, Dietician. (ECF No. 8). Seven (7) of the plaintiffs were subsequently dismissed from this action. The three remaining plaintiffs are: (1) Jamero Moses; (2) William Johnson; and (3) Lamont Heard. (ECF No. 40). Plaintiffs Moses, Johnson, and Heard allege that they have been approved to participate in the MDOC's religious vegan meal, but that such does not meet their religious needs. Plaintiffs assert that Defendants denied their requests to receive a special alternative menu. Plaintiffs also assert that

Defendants denied their requests to receive certain religious literature.    Defendants Finco, Leach, and Martin now move for summary judgment on the ground that Plaintiffs have failed to properly exhaust their administrative remedies.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).    A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."    *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."    *Amini*, 440 F.3d at 357.    The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.    *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).    The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."    *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof   faces a "substantially higher hurdle."   *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."   *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."   *Arnett*, 281 F.3d at 561.   Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."   *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.**        **Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.    *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).    Prisoners are no longer required to demonstrate exhaustion in their complaints.    *See Jones v. Bock*, 549 U.S. 199, 216 (2007).    Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.    *Id.*    With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).    In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'    The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.    Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration."    Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P.    If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.    *Id.*    The Step I

-4-

grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.    The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.    *Id.* at ¶ BB.    If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.    *Id.* at ¶ FF.    The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.    *Id.*

### A.    Plaintiff Heard

With respect to Plaintiff Heard's claims, Defendants have submitted the following evidence regarding grievances that Plaintiff submitted during the relevant time period.[1]

### I.    Grievance KCF-16-01-0095-27a

Plaintiff initiated this grievance on January 14, 2016, alleging that mail room staff were not properly processing his legal mail.    (ECF No. 44-3 at PageID.325).    This grievance does not concern any of Plaintiff's claims in this matter.

---

[1]    Plaintiffs initiated this action on March 9, 2016.  (ECF No. 1).  Accordingly, any grievances filed after this date are not presently relevant because such cannot serve to exhaust any of the claims presently asserted.  *See, e.g., Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (a claim is properly exhausted only where the administrative process is fully completed before the initiation of legal action).

II.              Grievance URF-15-04-0992-20c

Plaintiff filed this grievance on April 12, 2015, alleging that the Director, Deputy Director and CFA Special Activities Director placed on the "Restrictive Publication list" the following religious texts: (1) How to Eat to Live, vol. I & II; (2) Message to the Black Man; (3) Fall of America; and (4) Our Savior has Arrived.    (ECF No. 44-3 at PageID.332).    Plaintiff asserted that the ban of these texts violated his right to practice his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).    (ECF No. 44-3 at PageID.332).    Plaintiff pursued this grievance through all three steps of the grievance process.    (ECF No. 44-3 at PageID.329-32).

In their amended complaint, Plaintiffs allege that Defendants placed on the "Restrictive Publication" list the following items: (1) How to Eat to Live, vol. I & II; (2) Our Savior has Arrived; (3) Secret Relationship between Blacks and Jews, Supreme Wisdom; and (4) "some lectures" by Elijah Muhammad and Louis Farrakhan.    (ECF No. 8 at PageID.65).

While Plaintiff did not identify by name any of the individuals against whom this grievance was asserted, the grievance was not rejected on this basis.    (ECF No. 44-3 at PageID.329-32).    Defendant Finco acknowledges that he was previously employed as the Corrections Facilities Administration Deputy Director and Defendants Martin and Leach acknowledge that they were both employed as Special Activities Coordinators.    In the absence of evidence or argument that this grievance was asserted against other individuals, the Court concludes that this grievance exhausts Plaintiff Heard's claim that Defendants improperly prevented him from possessing the following texts: (1) How to Eat to Live, vol. I & II and (2) Our Savior has Arrived.

III.          Grievance URF-15-04-0993-20z

Plaintiff filed this grievance on April 9, 2015, alleging that he was not permitted to attend religious services while on "toplock" status.   (ECF No. 44-3 at PageID.337).   This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.   Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Heard.

IV.          Grievance URF-15-01-0129-20e

Plaintiff filed this grievance on January 12, 2015, alleging that Defendant Finco improperly denied his request to participate in "an alternative religious menu."   (ECF No. 44-3 at PageID.343).   Plaintiff pursued this matter through all three steps of the grievance process.   (ECF No. 44-3 at PageID.340-44).   The Court finds that this grievance exhausts, as to Defendant Finco only, Plaintiff's claim that he was denied the ability to participate in "an alternative religious menu."

V.          Grievance URF-15-02-0542-28a

Plaintiff filed this grievance on February 10, 2015, alleging that Defendant Finco improperly denied his request to be provided with appropriate religious meals.   (ECF No. 44-3 at PageID.350).   This grievance was rejected as being duplicative of Grievance URF-15-01-0129-20e, described in the preceding paragraph.   (ECF No. 44-3 at PageID.347-51).   Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Heard.

VI.          Grievance 14-11-3543-02c

Plaintiff filed this grievance on November 7, 2014, alleging that he was not being paid at the appropriate rate for work he was performing.    (ECF No. 44-3 at PageID.356).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Heard.

VII.         Grievance 14-10-3119-28a

Plaintiff filed this grievance on October 4, 2014, alleging that certain dryers were not properly identified as "high voltage."    (ECF No. 44-3 at PageID.368).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Heard.

VIII.        Grievance URF-14-09-2777-28a

Plaintiff filed this grievance on September 13, 2014, alleging that his request to correspond with two other prisoners was improperly denied.    (ECF No. 44-3 at PageID.375).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Heard.

IX.          Grievance URF-14-06-1975-28g

Plaintiff filed this grievance on June 24, 2014, alleging that certain unnamed "prison officials" submitted a false affidavit in a court proceeding.   (ECF No. 44-3 at PageID.383).   This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.   Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Heard.

X.           Grievance URF-14-01-0319-07z

Plaintiff filed this grievance on January 26, 2014, alleging that ARUS Neebish improperly retaliated against him.   (ECF No. 44-3 at PageID.389).   This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.   Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Heard.

In response to the present motion, Plaintiff has not identified any additional grievances which purportedly exhaust any of the claims asserted herein.   Accordingly, the undersigned recommends that Defendants' motion to dismiss Plaintiff Heard's claims, for failure to exhaust administrative remedies, be granted except as to the following claims: (1) Plaintiff's claim that Defendants Finco, Martin, and Leach improperly prevented Plaintiff from possessing the texts: (a) How to Eat to Live, vol. I & II and (b) Our Savior has Arrived; and (2) Plaintiff's claim that Defendant Finco denied his request to participate in "an alternative religious menu."

B.    Plaintiff Johnson

With respect to Plaintiff Johnson's claims, Defendants have submitted the following evidence regarding grievances that Plaintiff submitted during the relevant time period.

I.        Grievance URF-15-10-3506-20c

Plaintiff filed this grievance on October 7, 2015, against Defendant Leach and two other individuals.   (ECF No. 44-6 at PageID.449).   Plaintiff alleged that his attempts to obtain the following books was being improperly denied: (1) How to Eat to Live 1 & 2; (2) The Fall of America; and (3) Our Savior has Arrived.   (ECF No. 44-6 at PageID.449).   Plaintiff pursued this grievance through all three steps of the grievance process.   (ECF No. 44-6 at PageID.446-50).

In their amended complaint, Plaintiffs allege that Defendants placed on the "Restrictive Publication" list the following items: (1) How to Eat to Live, vol. I & II; (2) Our Savior has Arrived; (3) Secret Relationship between Blacks and Jews, Supreme Wisdom; and (4) "some lectures" by Elijah Muhammad and Louis Farrakhan.   (ECF No. 8 at PageID.65).   Accordingly, the Court concludes that this grievance exhausts Plaintiff Johnson's claim that Defendant Leach improperly prevented him from possessing the following texts: (1) How to Eat to Live, vol. I & II and (2) Our Savior has Arrived.

II.        Grievance URF-15-09-3138-28a

Plaintiff filed this grievance on September 13, 2015, alleging that "library staff" were improperly thwarting his attempts to meet in the law library with another prisoner to discuss "trial preparation and strategy."   (ECF No. 44-6 at PageID.455).   This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present

-10-

Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

III.        Grievance URF-15-08-2666-14a

Plaintiff filed this grievance on August 11, 2015, alleging that the Warden, Deputy Warden, and law librarian were all interfering with his right to access the courts.    (ECF No. 44-6 at PageID.461).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

IV.        Grievance URF 15-08-2309-14f

Plaintiff filed this grievance on August 17, 2015, alleging that the Deputy of Programs and library staff had interfered with his right of access to the courts.    (ECF NO. 44-6 at PageID.467). This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

V.        Grievance URF 15-07-2094-09z

Plaintiff filed this grievance on July 6, 2015, against the Chaplain, Food Service Director, and other un-named officials.    (ECF No. 44-6 at PageID.473).    Plaintiff alleged that he was not receiving his proper Ramadan meals.    (ECF No. 44-6 at PageID.473).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of

-11-

the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

VI.            Grievance 15-07-2248-20b

Plaintiff filed this grievance on July 19, 2015, alleging that the Eid-ul-Fitr festival was scheduled incorrectly.    (ECF No. 44-6 at PageID.479).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants. Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

VII.           Grievance URF 15-07-2044-09zA

Plaintiff filed this grievance on July 1, 2015, against the Food Services Director alleging that his Ramadan meals did not contain information regarding their caloric and nutritional value.    (ECF No. 44-6 at PageID.487).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

VIII.          Grievance 15-05-1528-20e

Plaintiff filed this grievance on May 28, 2015, against the Food Service Director alleging that he was improperly denied a religious holiday meal on Memorial Day.    (ECF No. 44-6 at PageID.494).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

-12-

IX.        Grievance URF 15-05-1529-09d

Plaintiff filed this grievance on May 28, 2015, alleging that the Food Service Director was violating an MDOC policy which "allow[ed] prisoners to choose during meal lines whether they would like fruit or the designated dessert."    (ECF No. 44-6 at PageID.500).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

X.         Grievance URF 14-07-2414-09e

Plaintiff filed this grievance on July 27, 2014, alleging that "Food Service/Aramark" had served him "spoiled food."    (ECF No. 44-6 at PageID.506).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XI.        Grievance URF 14-07-2396-09zA

Plaintiff filed this grievance on July 24, 2014, alleging that "Food Service/Aramark" served him a meal containing "one piece of glazed coffee cake" instead of "2 pc High Fiber Bran Cake."    (ECF No. 44-6 at PageID.514).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

-13-

XII.            Grievance URF 14-07-2377-09zA

Plaintiff filed this grievance on July 23, 2014, alleging that "food service/Aramark" served him a meal containing only one piece of glazed coffee cake instead of two pieces of glazed coffee cake.   (ECF No. 44-6 at PageID.522).   This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants. Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XIII.           Grievance URF 14-07-2417-09aA

Plaintiff filed this grievance on July 25, 2014, against the Food Service Director alleging that he received only one piece of high fiber bran cake instead of two pieces of glazed coffee cake.   (ECF No. 44-6 at PageID.530).   This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.   Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XIV.           Grievance URF 14-07-2119-09dA

Plaintiff filed this grievance on July 3, 2014, against the Food Service Director alleging that Ramadan meals were unavailable the previous day.   (ECF No. 44-6 at PageID.536).   This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.   Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XV.        Grievance URF 14-07-2204-20z

Plaintiff filed this grievance on July 10, 2014, against the Chaplain and others alleging that he was not being permitted to participate in the Id-al-Fitr celebration.    (ECF No. 44-6 at PageID.542).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XVI.        Grievance URF 14-07-2088-09aA

Plaintiff filed this grievance on July 2, 2014, against the Food Service Director alleging that the previous day his breakfast did not include cake and milk.    (ECF No. 44-6 at PageID.548). This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XVII.        Grievance URF 14-05-1646-14a

Plaintiff filed this grievance on May 28, 2014, against the Librarian alleging that he was not being afforded sufficient time in the law library.    (ECF No. 44-6 at PageID.554).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XVIII.        Grievance URF 14-04-1314-19z

          Plaintiff filed this grievance on or about April 24, 2014, alleging that his right of access to the courts was being violated.    (ECF No. 44-6 at PageID.558-62).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and, therefore, does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XIX.        Grievance URF 14-05-1533-15b

          Plaintiff filed this grievance on May 14, 2014, alleging that his legal mail had been improperly handled.    (ECF No. 44-6 at PageID.567).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and, therefore, does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XX.        Grievance URF 14-02-0642-28e

          Plaintiff filed this grievance on February 24, 2014, against the Food Service Director alleging that the pasta he was served during a recent meal was "gummy and undercooked."    (ECF No. 44-6 at PageID.576).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XXI.        Grievance URF 14-02-0536-14f

          Plaintiff filed this grievance on February 12, 2014, against the law librarian alleging that she was acting to deny his right of access to the courts.    (ECF No. 44-6 at PageID.582).    This

grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XXII.        Grievance URF 14-04-1070-15b

Plaintiff filed this grievance on April 2, 2014, against nobody in particular alleging that his right to send legal mail was being impaired.    (ECF No. 44-6 at PageID.587).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XXIII.       Grievance URF 14-07-2266-09aA

Plaintiff filed this grievance on July 15, 2014, alleging that food service "ran out" of the "regular beverage" by the time he received his meal.    (ECF No. 56-2 at PageID.656).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XXIV.       Grievance URF 14-07-2327-09aA

Plaintiff filed this grievance on July 18, 2014, alleging that food service "deviated from the menu" and failed to provide him with coffee cake.    (ECF No. 56-3 at PageID.662).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted

-17-

against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XXV.        Grievance URF 14-07-2267-09aA

Plaintiff filed this grievance on July 15, 2014, against "food service" alleging that he "did not get two slices of whole wheat bread."    (ECF No. 56-4 at PageID.668).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XXVI.        Grievance URF 14-07-2203-09bA

Plaintiff filed this grievance on July 10, 2014, alleging that the Ramadan meals provided by "food service" do not "meet minimum nutritional standards."    (ECF No. 56-5 at PageID.674).    This grievance does not concern any of the claims asserted by Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

XXVII.        Grievance URF 14-07-2202-09eA

Plaintiff filed this grievance on July 10, 2014, against "food service" alleging that his Ramadan meals did not contain "hot food."    (ECF No. 56-6 at PageID.680).    This grievance does not concern any of the claims asserted by Plaintiff and was not asserted against any of the present

-18-

Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.


XXVIII.        Grievance URF 13-11-3236-01a

Plaintiff filed this grievance on November 17, 2013, against "Prisoner Accounting" alleging irregularities in his prisoner account fund.    (ECF No. 56-7 at PageID.685).    This grievance does not concern any of the claims asserted by Plaintiff and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.

In response to the present motion, Plaintiff has identified an additional grievance which he asserts properly exhausts his claims.    (ECF No. 58 at PageID.694-98).    The grievance in question, Grievance URF 13-10-2819-20e, was asserted against a chaplain and food service alleging that the inclusion of soy products in the vegan religious diet offerings violated his religious beliefs. (ECF No. 58 at PageID.694-98).    While this grievance appears to concern Plaintiff's claims asserted in this matter, this grievance was not asserted against any of the present defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Johnson.    The undersigned recommends, therefore, that Defendants' motion to dismiss Plaintiff Johnson's claims, for failure to exhaust administrative remedies, be granted except as to the claim that Defendant Leach improperly prevented Plaintiff from possessing the texts: (a) How to Eat to Live, vol. I & II and (b) Our Savior has Arrived.

C.     Plaintiff Moses

With respect to Plaintiff Moses' claims, Defendants have submitted the following evidence regarding grievances that Plaintiff submitted during the relevant time period.

I.          Grievance KCF 14-06-0665-24b

Plaintiff filed this grievance on June 16, 2014, alleging that he had been transferred to a different facility for unlawful retaliatory reasons.     (ECF No. 44-5 at PageID.411).     This grievance does not concern any of the claims asserted by Plaintiff in this matter and, therefore, does not serve to exhaust any of the claims asserted by Plaintiff Moses.

II.          Grievance KCF 15-02-0209-20e

Plaintiff filed this grievance on February 22, 2015, against Defendants Finco and Leach alleging that his requests for a "religious meal that meets his religious dietary needs" were being denied.     (ECF No. 44-5 at PageID.417).     Plaintiff pursued this matter through all three steps of the grievance process.     (ECF No. 44-5 at PageID.414-18).     Accordingly, the Court finds that this grievance exhausts, as to Defendants Finco and Leach only, Plaintiff's claim that his requests to participate in "an alternative religious menu" were unlawfully denied.

III.          Grievance KCF 14-07-0793-28a

Plaintiff filed this grievance on July 13, 2014, against the Food Service Director and Aramark alleging that he had recently been served meals from which certain food items were missing. (ECF No. 44-5 at PageID.423).     This grievance does not concern any of the claims asserted by

-20-

Plaintiff in this matter and was not asserted against any of the present Defendants.    Accordingly, this grievance does not serve to exhaust any of the claims asserted by Plaintiff Moses.

In response to the present motion, Plaintiff has not identified any additional grievances which purportedly exhaust any of the claims asserted herein.    Accordingly, the undersigned recommends that Defendants' motion to dismiss Plaintiff Moses' claims, for failure to exhaust administrative remedies, be granted except as to the claim that Defendants Finco and Leach denied his requests to participate in "an alternative religious menu."

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 43), be **granted in part and denied in part**.    Specifically, the undersigned recommends that Plaintiffs' claims be dismissed for failure to exhaust administrative remedies except for the following claims which should go forward: (1) Plaintiff Heard's claim that Defendants Finco, Martin, and Leach improperly prevented Plaintiff from possessing the texts: (a) How to Eat to Live, vol. I & II and (b) Our Savior has Arrived, as exhausted by Grievance URF 15-04-0992-20c; (2) Plaintiff Heard's claim that Defendant Finco denied his request to participate in "an alternative religious menu," as exhausted by Grievance URF 15-01-0129-20e; (3) Plaintiff Johnson's claim that Defendant Leach improperly prevented Plaintiff from possessing the texts: (a) How to Eat to Live, vol. I & II and (b) Our Savior has Arrived, as exhausted by Grievance URF 15-10-3506-20c; and (4) Plaintiff Moses' claim that Defendants Finco and Leach denied his requests to participate in "an alternative religious menu," as exhausted by Grievance 15-02-0209-20e.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: January 2, 2018                          __/s/ Ellen S. Carmody_____
                                                ELLEN S. CARMODY
                                                U.S. Magistrate Judge