## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMERO MOSES #231885,⁣ )
WILLIAM JOHNSON #235820 )
LAMONT HEARD #252329 )
  PLAINTIFFS, )
         )    No. 1:16-CV-248
-V- )
         )    HON. PAUL L. MALONEY
THOMAS FINCO, ET AL., )
  DEFENDANTS. )
         )

## OPINION

This is a civil rights action brought by three state prisoners against three Michigan Department of Corrections (MDOC) employees under 42 U.S.C. § 1983.[1]

Plaintiffs allege that Defendants Thomas Finco (MDOC Deputy Director), David Leach (Special Activities Coordinator), and Michael Martin (Special Activities Coordinator) violated their First Amendment rights in various ways.

On January 2, 2018, United States Magistrate Judge Ellen S. Carmody issued a Report & Recommendation ("R & R") recommending that the Court grant in part and deny in part Defendants' motion for summary judgment based on the Plaintiffs' failure to exhaust their administrative remedies. (ECF No. 60.) The matter is before the Court on Plaintiff William Johnson's Objections to the R & R. (ECF No. 61.) No other objections have been filed, and Defendants have not responded to Johnson's objections.

---

[1] Seven other Plaintiffs were dismissed from this suit by prior orders. (*See* ECF Nos. 12, 40.)

## Legal Framework

For a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R & R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Discussion

Johnson objects to the R & R for three reasons. First, he says he exhausted his administrative remedies relating to the alleged denial of religious texts against all three Defendants—Finco, Leach, and Martin. Second, he claims that the Defendants failed to raise administrative exhaustion relating to the alleged denial of religious meals because they did

not address one grievance in particular (URF 13-10-2819-20e). Finally, Johnson argues that even if Defendants properly raised administrative exhaustion of grievance 13-10-2819-20e, he did exhaust this grievance despite not naming any of the Defendants.

## A. Denial of Religious Texts

Judge Carmody concluded that Johnson exhausted his administrative remedies on the denial of religious texts only for Defendant Leach. The grievance related to this claim is URF-15-10-3506-20c. (ECF No. 44-6 at PageID.446–50.)

In the grievance, Johnson stated, "[t]his grievance is on MDOC Dir. Heyns, Dep. Director, A/Special Acts Coor. Leach, MDOC Chaplain and U.R.F. Chaplain Rink." (*Id.*) Judge Carmody concluded that, since neither Finco nor Martin's name appeared in the grievance, Johnson had not exhausted claims against them. (ECF No. 60 at PageID.716.)

Johnson responds that he "specifically designated" Finco and Martin by using "the official titles [he] believed they possessed." (ECF No. 61 at PageID.730.) As support, he cites *Reed–Bey v. Pramstaller* and *Mattox v. Edelman* for the proposition that the ordinary rule—specifying the names of each person responsible for the alleged wrong—does not apply to his claims under relating to this grievance. 851 F.3d 586 (6th Cir. 2017); 603 F.3d 322 (6th Cir 2010). True, prison officials may waive procedural irregularities in a grievance by addressing it on the merits. *Mattox*, 851 F.3d at 591 (citing *Reed–Bey*, 603 F.3d at 325.) However, the court also explained that the purpose of the exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in Court." *Id.*

MDOC officials addressed Johnson's grievance on the merits through Step III, even though he intermixed some named prison officials with some identified only by their position. In certain scenarios, identifying prison officials only by their position may still provide fair notice of the claims being raised by the grievance—if it is readily apparent who the grievance is addressing and the substance of the claim. *See, e.g., Mahaffey v.* Buskirk, No. 13-14646, 2014 WL 2864099 at n.13 (E.D. Mich. June 24, 2014) (citing *Thomas v. Woolum*, 337 F.3d 720, 722–23 (6th Cir. 2003)); Hudson *v. DeForest*, No. 09-11245, 2011 WL 1141606 (E.D. Mich. Mar. 1, 2010).

The Court therefore agrees with Johnson that he exhausted this claim for Defendant Finco, because Johnson identified Finco as the "Dep[uty] Director," so Finco had a "fair opportunity" to address the grievance. *Id.* The same cannot be said for Defendant Martin, who appears neither by name nor official title in the grievance. As a result, the Court will sustain Johnson's objection to the R & R for Defendant Finco and overrule the objection for Defendant Martin. Johnson's First Amendment claim for denial of religious texts remains against Defendants Leach and Finco.

## B. Denial of Religious Meals

Johnson's second and third objections relate to his First Amendment claims that MDOC officials did not provide meals that complied with his sincerely-held religious beliefs. Johnson raises grievance URF 13-10-2819-20e as proof that he exhausted these claims. Judge Carmody found that Johnson asserted this grievance against a MDOC chaplain and MDOC food service alone and concluded that it did not exhaust claims against any of the named Defendants. She recommended granting summary judgment on this basis.

In Defendants' motion for summary judgment, they detailed twenty-two grievances filed by Johnson and argued that he had not exhausted any grievance that supported a claim that their alleged denial of religious meals violated his First Amendment rights. Judge Carmody identified six more grievances as potentially relevant and ordered the Defendants to address whether any of the additional grievances exhausted Johnson's claims. (ECF No. 53.)

Even so, the Defendants and Judge Carmody apparently missed grievance URF 13-10-2819-20e because Johnson was the first to raise it in his response. (ECF Nos. 58, 58-1). Defendants did not seek leave to reply to Johnson's response. But Judge Carmody concluded that this newly-raised grievance "was not asserted against any of the present defendants[]" and did not serve to exhaust any of Johnson's claims.

Johnson now argues that Defendants neglected to address this grievance in either the initial motion for summary judgment, in their supplemental brief, or as a reply to his response, so they have waived their affirmative defense for failure to exhaust under *Jones v. Bock*, 549 U.S. 199 (2010). If so, Judge Carmody's consideration of exhaustion was improper because she did so *sua sponte.*

The law is not as technical as Johnson believes. Defendants addressed twenty-eight grievances in support of their argument that Johnson had not exhausted his administrative remedies. Johnson responded that a twenty-ninth grievance existed and supplied it to the Court. (ECF No. 58.) Yes, Defendants bear the burden of proving their affirmative defense under *Bock*. That said, Defendants did not waive the defense altogether by failing to specifically address this grievance. The exhaustion of Johnson's religious meal claim was

properly before Judge Carmody, and that included grievance URF 13-10-2819-20e. Once Johnson put this grievance on the record, Judge Carmody could weigh whether it exhausted his administrative remedies. Thus, Judge Carmody did not err by considering exhaustion of this claim. For these reasons, the Court will overrule Johnson's second objection.

Finally, Johnson declares that even if Judge Carmody did not err by *raising* exhaustion in relation to grievance 13-10-2819-20e, her *conclusion* that the grievance did not exhaust any of his claims was erroneous. (ECF No. 61 at PageID.732.)

This argument is closely related to the legal theory Johnson presented in his first objection. Judge Carmody found that the grievance named only a MDOC Chaplain and MDOC Food Service and did not name any of the Defendants. On this basis, she concluded that the grievance could not support Johnson's claims. Johnson again invokes *Reed-Bey* and *Mattox* for the assertion that he was not required to name the Defendants to exhaust his claims.

Once again, his argument must fail. Johnson asserts that the MDOC "never once invoked a procedural defense concerning the failure to use names." (ECF No. 61 at PageID.733.) However, this grievance included no reference to any of the Defendants' official titles and gave no indication that Johnson intended to confront the Defendants with his claim. MDOC officials dealt with the grievance on the merits as it related to the chaplain and Food Service.

Grievances that make no overt reference to a Defendant by name or official position—and instead naming different people in different positions—will not satisfy the exhaustion requirement of 42 U.S.C. § 1997e. If they did, the exhaustion doctrine would almost entirely

cease to exist, as plaintiffs could satisfy the requirement by pointing to any collaterally-related grievance against any prison officials—whether or not the plaintiff named the prison officials in the lawsuit—to evade having their claims dismissed. As a result, Johnson's grievance addressed to the MDOC Chaplain and MDOC Food Services cannot satisfy the exhaustion requirement for claims against Defendants Finco, Leach, or Martin because they are neither the MDOC Chaplain nor part of MDOC Food Services. The Court will overrule Johnson's third objection.

## Conclusion

Based on the foregoing, the Court will sustain Johnson's objection that he exhausted his administrative remedies for his claim alleging denial of religious texts for Defendant Finco. The Court will overrule the same objection for Defendant Martin, as well as the objections relating to the denial of religious meals. The Court will modify the R & R as explained and adopt it as the opinion of the Court.

<u>ORDER</u>

IT IS ORDERED that the January 2, 2018 R & R (ECF No. 60) is **MODIFIED AS FOLLOWS**:

1. The Court **ADOPTS** the R & R as it relates to claims by Plaintiffs Moses and Heard.

2. Plaintiff Johnson's Objections to the R & R (ECF No. 61) are **SUSTAINED IN PART AND OVERRULED IN PART.**

**3.** Plaintiff's claims relating to the ban on: (1) How to Eat to Live, vol. I & II and (2) Our Savior Has Arrived shall be allowed to proceed against Defendants Finco and Leach.

4. Plaintiff Johnson's claim relating to the denial of religious meals is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

5. Defendants' motion for summary judgment (ECF No. 43) is **GRANTED IN PART AND DENIED IN PART** as explained, *supra*.

Date:  February 5, 2018                     /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge