UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO T. MOSES, #231885, et al.,
          Plaintiffs,

          No. 1:16-cv-248

-v-

          Honorable Paul L. Maloney

THOMAS FINCO, et al.,
          Defendants.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by a group of ten state prisoners under 42 U.S.C. § 1983. Most plaintiffs have been dismissed from the action; the three remaining plaintiffs are Jamero Moses, William Johnson, and Lamont Heard (ECF No. 40). On January 7, 2019, United States Magistrate Judge Ellen S. Carmody issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants Finco, Leach, and Martin's motion for summary judgment based on Plaintiffs' failure to state a claim upon which relief can be granted (ECF No. 100; R&R ECF No. 114). This matter is before the Court on each Plaintiff's objections to the R&R. Heard raises six objections (ECF No. 117), Johnson raises two objections (ECF No. 119), and Moses raises four objections (ECF No. 115), though some overlap. For the reasons to be discussed, the Court will overrule all objections and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and

recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

1. **Plaintiffs' Fraud Claim**

Heard objects to the magistrate judge's recommendation that all remaining claims be dismissed because Defendants and the magistrate judge failed to address Plaintiffs' fraud claim. This objection fails. As will be discussed, Defendants did not violate Plaintiffs' constitutional or statutory rights, so Plaintiffs' rights could not have been violated as a result of fraud. Thus, summary disposition is proper on both counts. Further, Plaintiffs do vaguely allege that some fraud occurred in the preliminary statement of their complaint (see ECF

No. 8), but Plaintiffs pleaded the violation of their rights without any mention of fraud (see ECF No. 8 at ¶¶ 70-73). Plaintiffs have failed to set forth any facts supporting a claim of fraud, let alone plead facts with particularity as required by Federal Rule of Civil Procedure 9(b). The magistrate judge did not err when she granted summary judgment to Defendants on all fraud claims; accordingly, this objection is overruled.

2. Evidence: "and/or eating"

Heard objects to the following characterization of Plaintiffs' behavior: ". . . Plaintiffs were both purchasing, possessing, and/or eating foods which are expressly contrary to the individualized diet Plaintiffs were requesting" (ECF No. 114 at PageID.1068). Heard claims that there was no evidence that Plaintiffs were eating foods contrary to the meal plan they requested. Even assuming this is an accurate characterization of the evidence, there is no error because the R&R uses the "and/or" designation. The R&R did not specifically conclude that Plaintiffs were eating foods contrary to their plan, so Heard's objection is meritless.

Additionally, this Court notes that the mere purchase or possession of foods contrary to a requested diet is sufficient to deny a prisoner's request for that specific diet. *See Russell v. Wilkinson*, 79 F. App'x. 175, 177 (6th Cir. 2003). Heard does not deny that Plaintiffs were purchasing and possessing foods contrary to their requested diet. Therefore, this objection is legally irrelevant; it does not matter whether Plaintiffs were eating foods contrary to their requested meal plan, because it is undisputed that they had possessed foods contrary to their requested meal plan. This objection is overruled.

3. **Evidence: magistrate judge relied on "wrong information"**

Heard next brings a similar but separate objection, arguing that the magistrate judge focused on the wrong evidence when the R&R considered the purchase and possession of foods prohibited by Plaintiffs' requested diet (ECF No. 114 at PageID.1068). Heard argues that the true reason the requests were denied was because prison officials believed a vegan diet accommodates Muslim dietary restrictions, and that the magistrate judge erred when the R&R failed to consider this explanation.

In support of their motion for summary judgment, Defendants produced two memos written by Defendant Leach, one citing each justification for denying Plaintiffs' meal plan requests (see ECF No. 100-7, PageID.871-72). The R&R explicitly considers both justifications for the denial, showing that the magistrate judge appropriately considered all the evidence presented (see ECF No. 114 at PageID.1067-71). Additionally, the memo explaining Heard's purchase and possession of prohibited foods is much more detailed than the short memo stating that the vegan diet satisfies Muslim dietary restrictions. Therefore, the evidence supports the magistrate judge's conclusion that the primary reason prison staff denied Heard's request for an alternative meal plan was his purchase and possession of prohibited foods. Plaintiff is not entitled to pick and choose the evidence that best supports his case, and accordingly, this objection is overruled.

Plaintiff Moses brings a similar objection, arguing that the magistrate judge erroneously concluded that he had received an individualized meal plan beyond the vegan meal plan. This is a misreading of the R&R, which clearly states that "Plaintiffs were permitted to participate in the MDOC's religious vegan diet" and that their request for a

4

more specialized diet was denied (ECF No. 114 at PageID.1068). Nowhere in the R&R does it state that any Plaintiff, including Moses, was receiving an individualized diet beyond the MDOC's standard vegan diet. This objection is overruled.

### 4. Application of case law

Heard objects to the magistrate judge's use of three cases: *Berryman v. Granholm*, 343 F. App'x 1 (6th Cir. 2009); *Green v. Tudor*, 685 F. Supp. 2d 678 (W.D. Mich. 2010); and *Russell*, 79 F. App'x 175. Heard argues that these cases are inapplicable because each one involves plaintiffs that were eating prohibited foods, and he was not actually eating the prohibited foods he possessed. This argument fails. The facts of each case contradict Heard's assertions. In *Berryman*, the Sixth Circuit accepted plaintiff Berryman's allegation that he ordered and signed for, but did not eat, non-Kosher food; even so, his removal from the Kosher meal plan was proper. *Berryman*, 343 F. App'x at 6. There was no allegation in *Green* that plaintiff Green was eating or possessing prohibited items; rather, his claim concerned the adequacy of menu accommodations given to him to observe Ramadan. *Green*, 685 F. Supp. 2d at 695-96. And in *Russell*, the Sixth Circuit explicitly recognized that the possession of non-Kosher items was an "obvious action[] in not observing the kosher food requirements outside meals" that justified denying Russell's request to remain on the Kosher diet. *Russell*, 79 F. App'x at 177. None of these cases involve prisoners eating prohibited foods and Heard does not explain what cases might be more applicable to his case. This objection is overruled.

Under the same heading, Heard makes allegations about the vegan meal plan's inadequacy due to pork cross-contamination in the MDOC food line, and states that he was

5

only purchasing food to feed to the poor. Neither of these are specific objections to portions of the R &R, so this Court need not consider them. *See Mira*, 806 F.2d at 637. Even so, plaintiff has raised only vague allegations without supporting evidence. This is insufficient to create a question of fact to survive summary disposition. *See Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (noting that a nonmoving party may not rest upon mere allegations but instead must set forth specific facts showing a genuine issue for trial). Therefore, the magistrate judge did not err, and Heard's objections here are overruled.

5. Total denial of a religious dietary accommodation

Heard objects to the following statement on page 10 of the R&R: "It is important to note that Plaintiffs have not alleged that they are being denied a religious dietary accommodation. Instead, Plaintiffs initiated the present action because they are not being provided the particular dietary accommodation of their choosing." Heard argues that this is an inaccurate characterization of Plaintiffs' argument because they argue that the vegan menu does not satisfy the tenets of an Islamic diet. Therefore, in Heard's view, Plaintiffs are completely denied a religious accommodation, not merely their specific choices of food. Plaintiff Moses makes a similar objection, arguing generally that the prison officials had a duty to provide him with individual meals to suit him.

The Sixth Circuit has repeatedly held that a vegetarian or vegan diet satisfies the requirements of an Islamic diet. See e.g., *Davis v. Heyns*, 2017 WL 8231366 at *3 (6th Cir., Oct. 16, 2017) (holding that providing Muslim prisoners with a vegan meal option satisfies RLUIPA); *Robinson v. Jackson*, 615 F. App'x. 310, 314 (6th Cir. 2015) ("We have explicitly held that vegetarian meals are, in fact, Halal"). Further, when prisoners receive a diet plan

that conforms to their dietary requirements, they are not entitled to further accommodations based on personal taste. See *Davis,* 2017 WL 8231366 at *4 (holding that the vegan meal options satisfied plaintiff's religious requirements, so plaintiff was not entitled to meals with meat simply because meat better satisfied his preferences). In light of this precedent, the vegan meal plan offered by the MDOC satisfies Plaintiffs' Islamic faith, and Plaintiffs are not entitled to further individualization of their meal plans based on personal preference. These objections are overruled.

Plaintiff Moses brings two similar objections. Moses first argues that because he does not eat some things on the vegan menu, the MDOC is denying him a religious meal accommodation. Moses also argues that the R&R erroneously stated that "Plaintiff Moses has also testified that he can purchase or otherwise obtain food items that satisfy his religious needs," because the MDOC is required to satisfy his meal requests such that he does not need to supplement it with purchasing or obtaining other items (ECF No. 114 at Page.ID1069). These objections are both contrary to the Sixth Circuit's decisions outlined above. The MDOC satisfies Plaintiffs' Islamic faith by providing a vegan menu; therefore, the MDOC has provided Moses with a religious meal plan accommodation. The MDOC is not required to offer further customization to satisfy his individual preferences. The fact that Moses remains free to supplement his diet with purchased or otherwise obtained vegan foods does not render the MDOC's accommodations insufficient. Moses's objections are overruled.

6. Burden of proof regarding denial of religious texts

Heard's final objection and Plaintiff Johnson's first objection raise the same substantive argument: the magistrate judge applied an incorrect burden of proof to the first *Turner*[1] factor in the analysis of Plaintiffs' denial of religious texts claim. Plaintiffs argue that Defendants have failed to present evidence that the regulation in question (the ban on publications that advocate racial supremacy) was correctly applied to the books they requested. However, this was not the question before the magistrate judge. The first *Turner* factor considers whether the regulation in question is "reasonably related to legitimate penological interests," not whether the regulation was correctly applied. *Turner*, 482 U.S. at 89. Accordingly, the magistrate judge correctly determined that the regulation prohibiting books that promote racial supremacy is reasonably connected to the legitimate penological interest of protecting the security, safety, good order, and discipline of the prison. This objection is misplaced, and the magistrate judge did not err. Regardless, Defendants presented evidence that the books in question advocate racial supremacy; Plaintiffs have not presented any evidence to the contrary (See ECF No. 105-1 at PageID.963). Again, Plaintiffs cannot rest on allegations without specific supporting facts, and Plaintiffs have failed to create a question of fact here. See *Pack*, 434 F.3d at 813-14. This objection is overruled.

7. Substantial Burden of Religious Exercise

Plaintiff Johnson objects to the R&R's conclusion that Plaintiffs' denial of religious texts claim must fail because Plaintiffs failed to show a "substantial burden" on their religious

---

[1] *Turner v. Safley*, 482 U.S. 78 (1987).

exercise. Johnson argues that he met his pleading burden by showing an "inferential allegation" of harm. Upon review of the record, Plaintiffs have not explained, directly or inferentially, how the denial of these texts is a substantial burden of their religious exercise. Johnson argues that the texts are "needed to provide a pure and greater understanding of Islam," but does not argue that his practice of Islam has been substantially burdened without the texts (ECF No. 119 at Page.ID 1123). Plaintiffs have not explained what detriment they experience without the books. The record is void of allegations that any Plaintiff's religious experience has been burdened, let alone substantially burdened, without the texts in question. Rather, Plaintiffs simply set forth a desire to have the books. This is insufficient to establish a question of fact regarding "substantial burden," and Johnson's objection is overruled.

## Order

This Court finds no error in the R&R, and accordingly,

**IT IS ORDERED** that the January 7, 2019 R&R (ECF No. 114) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' objections to the R&R (ECF Nos. 115, 117, 119) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 99) is **GRANTED**.

**JUDGMENT TO FOLLOW**.

Date: September 17, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge